UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HENYELL ALFREDO SALAZAR POTOSME,

                Petitioner,

    v.

MERRICK B. GARLAND,

                Respondent.

Case No. C21-1531-TSZ-SKV

REPORT AND RECOMMENDATION

## I.   INTRODUCTION

Petitioner, who is currently detained by U.S. Immigration and Customs Enforcement (ICE) at the Northwest ICE Processing Center (NWIPC) in Tacoma, Washington, brings this 28 U.S.C. § 2241 habeas action pro se. He alleges a violation of his right to due process through the failure to provide an adequate interpreter during an expedited removal proceeding conducted pursuant to 8 U.S.C. §1225(b)(1)(A)(i), (iii). Currently before the Court is the Government's habeas return and motion to dismiss. Dkt. 4. Petitioner did not file a response. Having considered the motion to dismiss, the balance of the record, and the governing law, the Court recommends the Motion to Dismiss be GRANTED and the habeas petition DISMISSED for lack of subject matter jurisdiction.

REPORT AND RECOMMENDATION - 1

## II. BACKGROUND

On or around July 27, 2021, Petitioner, a citizen of Nicaragua, entered the United States near Hidalgo, Texas, where he was detained and placed into expedited removal proceedings. Dkt. 5, Exs. A & B. Petitioner expressed his fear of returning to his home country, prompting the arrangement of a "credible fear" interview. *See id*.

On September 21, 2021, an Asylum Officer with the Department of Homeland Security (DHS) conducted a credible fear interview which included the services of a Spanish language interpreter. *Id*., Ex. C. The Asylum Officer concluded Petitioner had not established a credible fear of persecution. *Id*. A Supervisory Asylum Officer reviewed and approved that decision. *Id*.

Petitioner appealed the credible fear determination to an Immigration Judge. *See id*., Ex. D. On October 8, 2021, the Immigration Judge held a hearing, taking testimony from Petitioner. *Id*. The Immigration Judge affirmed the credible fear review findings and returned the case to DHS for removal. *Id*. To date, Petitioner remains detained at NWIPC awaiting his removal.

## III. DISCUSSION

"Under the applicable statutory provisions, noncitizens who lack valid entry documents at the time of their arrival to the United States are deemed 'removable.'" *Guerrier v. Garland*, 18 F.4th 304, 305 (9th Cir. 2021) (citing *DHS v. Thuraissigiam*, __ U.S. __, 140 S. Ct. 1959, 1964, 207 L.Ed.2d 427 (2020) (quoting 8 U.S.C. §§ 1182, 1229a(e)(2)(A))). Standard procedures of removal entail three levels of review: an evidentiary hearing with an immigration judge; an appeal to the Board of Immigration Appeals; and review in federal court. *Id*. (citations omitted). There are, however, expedited procedures for certain categories of noncitizens. *Id*.

As relevant to the current matter, noncitizens are subject to expedited removal if inadmissible to the United States based on a lack of valid documentation or attempting entry by

REPORT AND RECOMMENDATION - 2

fraudulent means.  8 U.S.C. §§ 1182(a)(6)(C), (7); *see also* 8 U.S.C. § 1225(b)(1)(A)(i).  In general, noncitizens subject to expedited removal orders are not afforded a hearing before an immigration judge or review of the removal order.  *See* 8 U.S.C. § 1225(b)(1)(A)(i).  However, upon indicating "either an intention to apply for asylum . . . or a fear of persecution," the noncitizen must be referred for a credible fear interview with an asylum officer.  *Id*. at § 1225(b)(1)(A)(ii); 8 C.F.R. §§ 235.3(b)(4), 208.30(d)-(e).

If the asylum officer finds that the noncitizen "does not have a credible fear of persecution, the officer shall order the [noncitizen] removed from the United States without further hearing or review."  8 U.S.C. § 1225(b)(1)(B)(iii)(I).  The asylum officer's credible fear determination "shall not become final until reviewed by a supervisory asylum officer."  8 C.F.R. § 208.30(e)(8).  If the supervisor agrees with the asylum officer's determination, the noncitizen may request de novo review by an immigration judge.  8 U.S.C. § 1225(b)(1)(B)(iii)(I), (III); 8 C.F.R. §§ 208.30(g)(1), 235.3(b)(4)(i)(C), 1003.42(d).   If the immigration judge concurs with the conclusion as to the failure to establish a credible fear of persecution, "the case shall be returned to DHS for removal[.]"  8 C.F.R. § 1208.30(g)(2)(iv)(A).  The decision of the immigration judge "is final and may not be appealed."  *Id*.  "In sum, a noncitizen subject to expedited removal 'has an opportunity at three levels to obtain an asylum hearing, and the applicant will obtain one unless the asylum officer, a supervisor, and an immigration judge all find that the applicant has not asserted a credible fear.'"  *Guerrier*, 18 F.4th at 307 (quoting *Thuraissigiam*, 140 S. Ct. at 1965-66).

By statute, judicial review of expedited removal orders is extremely limited.  *See* 8 U.S.C. § 1252(e).  Specifically, "'no court shall have jurisdiction to review' an expedited removal order except as provided in subsection (e)" of section 1252.  *Alvarado-Herrera v.*

REPORT AND RECOMMENDATION - 3

1 | *Garland*, 993 F.3d 1187, 1192 (9th Cir. 2021) (quoting 8 U.S.C. § 1252(a)(2)(A)). *Accord*

2 | *Thuraissigiam*, 140 S.Ct. at 1966-67. Subsection (e) limits judicial review to three issues: (1)

3 | "'whether the petitioner is an alien'"; (2) "'whether the petitioner was ordered removed' under

4 | an expedited removal order"; and (2) "whether the petitioner can prove that he or she has lawful

5 | status in the United States as an asylee, refugee, or permanent resident." *Alvarado-Herrera*, 993

6 | F.3d at 1192 (quoting § 1252(e)(2)). These issues must be raised in a habeas corpus proceeding.

7 | *Id.*

8 | The Court lacks jurisdiction to review other issues, including credible-fear determinations

9 | and the "procedures and policies" for expedited removal. 8 U.S.C. § 1252(a)(2)(A). *See also id*.

10 | at § 1252(e)(5) ("There shall be no review of whether the alien is actually inadmissible or

11 | entitled to any relief from removal.") Nor does the Court have jurisdiction to consider

12 | constitutional claims associated with expedited removal proceedings. *See Thuraissigian*, 140

13 | S.Ct. at 1966-67, 1982-83 (explaining that a noncitizen who attempts to enter the country

14 | illegally is "treated as an 'applicant for admission,'" subject to expedited removal and with

15 | judicial review limited by § 1252(e)(2), and finding a noncitizen "detained shortly after unlawful

16 | entry cannot be said to have 'effected an entry'" into the country and therefore "has only those

17 | rights regarding admission that Congress has provided by statute."; holding that § 1252(e)(2) did

18 | not violate either the Due Process Clause or the Suspension Clause); *Guerrier*, 18 F.4th at 313

19 | (finding "*Thuraissigiam's* conclusion that the Due Process Clause does not require review of

20 | how the agency determines whether a noncitizen subject to expedited removal is eligible for

21 | asylum precludes" review of a petition raising a constitutional claim).

22 | Petitioner here argues the failure to provide an adequate interpreter at his credible fear

23 | interview violated his constitutional right to due process. Dkt. 1 at 6-8. The Court's review of

REPORT AND RECOMMENDATION - 4

such a claim is foreclosed by the law as set forth above. That is, because Petitioner's claim does not fall within one of the limited circumstances allowing for judicial review of expedited removal proceedings, the Court lacks jurisdiction in this case.

## IV.  CONCLUSION

The Court recommends Respondent's Motion to Dismiss, Dkt. 4, be GRANTED and the habeas petition DISMISSED for lack of subject matter jurisdiction. A proposed order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **March 25, 2022**.

Dated this 1st day of March, 2022.

S. KATE VAUGHAN
United States Magistrate Judge